H. D. FORD AND G. W. BROWN v. D. McBRYDE.

1. CHARGE OF COURT—ERROR IN TRANSCRIPT.—Where, in the charge of the court, as copied in the transcript, the word "than" is used where "that" is required by the context, this court will not regard the error as material.

2. SAME—EXCEPTIONS.—It is the duty of parties to ask additional instructions to supply any deficiency in the instructions as given by the court; and a party failing to do so has no right to complain of the action of the court, unless there was positive error in the instructions given, or it appeared that he had suffered injury from them.

3. PARTNERSHIP.—As between the parties forming a partnership, the executive or managing partner may bind himself, on a dissolution of the firm and settlement of its affair, to repay the capital advanced by the other partner, whether profits are made or not.

4. SAME—OBLIGATIONS OF FIRM.—That one member of a firm raised money for use of the business upon a contract for a share of profits instead of interest, the party advancing the money not knowing that any other persons were interested in the business, does not release the other from liability; such contract being within the scope of the authority of the member of the firm making the loan.

APPEAL from Karnes.    Tried below before the Hon. Daniel D. Claiborne.

Duncan McBryde sued H. D. Ford and G. W. Brown, alleging that in March, 1871, plaintiff, at Ford's request, loaned him $2,500 coin, upon the verbal agreement that plaintiff was to advance said sum to Ford as a loan, to be used by Ford in purchasing a drove of beef cattle for the Kansas markets, the drove to consist of six hundred head, Ford, upon the sale, to return the money advanced, and, in lieu of interest, to pay the one half of the net profits upon half of the drove, Ford, however, to receive no wages for his own services; that at the time the money was advanced the defendant Brown was an equal partner with Ford, though plaintiff did not know of such partnership; that the money had been invested in cattle and in the business of Ford & Brown; that Ford had sold the cattle in the latter part of 1871, and had paid to plaintiff $1,000.    Judgment was asked for $1,500, and for an account of the business, &c.

Defendants pleaded a general demurrer and general denial, denied the existence of partnership between themselves. Ford denied borrowing any money of plaintiff, and alleged that he and plaintiff were partners in the cattle business, and that the $2,500 received by him from plaintiff was received as the plaintiff's portion of the capital invested; that the partnership sustained heavy loss.    A statement of the partnership transactions was set up, and Ford in reconvention claimed $700, as due from plaintiff as his part of the losses; Ford also notified plaintiff to produce certain articles of partnership, signed by them, and in the plaintiff's possession.

These articles were produced, and are as follows:

"THE STATE OF TEXAS, ?
    *County of Karnes.*   }

"This agreement made by and between D. McBryde and H. D. Ford, of the said county and State, as follows:

"Whereas the above-named parties entered into a part

nership for the purpose of purchasing and driving a drove of beef cattle to Kansas, agree, to wit:

" They, the said parties, do purchase a lot of beeves, some five or six hundred head in number, upon which D. McBryde advances $2,500 gold, and that he have nothing more to do with said cattle so far as gathering, managing, or selling the same is concerned; but that said Ford do superintend the gathering, managing, or selling the same, and all else pertaining to the interest of the said parties, and that after the cattle are sold and all expenses of driving and the purchase-money paid, and the $2,500 advanced by McBryde, then the profits, if any, to be equally divided between the said parties. They are to be equal in the purchase, equal in the losses, and in all profits arising or accruing from said ·drove of cattle. And the said Ford further agrees not to charge anything for his time or trouble while attending to said business.

" (Signed,)          H. D. FORD,
                     D. McBRYDE."

" Attest:

" G. W. BROWN.

" *April* 29, 1871."

Plaintiff declared under oath that he signed the instrument without knowing its contents; that the last seven lines of the paper were not read to him, plaintiff not being able to read; and that his signature was obtained to it by the false impression produced upon his mind by the way it was read, and by the fraudulent acts and representations of Brown, who at the time pretended to be disinterested, and that the instrument would secure plaintiff in his money, &c.

The testimony was conflicting. There are no exceptions to the charge of the court—all instructions asked by defendants were given. The jury returned a verdict for the plaintiff for $1,500, upon which verdict judgment was rendered.

Motion for new trial was made, and, among other reasons, for newly-discovered evidence, conversations in which plaintiff spoke of " being equally interested with Ford in the cattle

business," &c.   The motion was overruled, and defendants appealed.

*Jackson & Jackson*, for appellants.

*Lackay & Stayton*, for appellee.

MOORE, ASSOCIATE JUSTICE.—The instructions of the court to the jury, as well as the charge given at the request of the appellee, are, to some extent, subject to criticism for want of clearness in expressing the legal proposition they were undoubtedly intended to embody.   This, probably, arises in a great degree, especially in the charge given at the request of appellee, from a slight inaccuracy in the copy of it in the transcript, or through mistake in the hurry and confusion of the trial in the court below, in writing the word "than" instead of "that," which was evidently the word intended to be used by the counsel who drew it.   Construing the instructions in accordance with their fair and reasonable import in the light of the evidence, and as they must have been understood by the jury, it cannot be said that they were calculated to mislead the jury or to do appellants any injustice.   If the instructions which were given were not so full as appellants thought they should have been, it was their duty to have supplied the deficiency by asking of the court additional charges. All those which they requested were given; and we must conclude that no further instructions were believed by them to be necessary to enable the jury to reach a proper conclusion on the issues before them.   Under these circumstances, they have no right to complain of the action of the court, unless there was positive error in the instructions as given, or it appeared that some injury to appellants had resulted from them. This there is no reason to suppose is the fact.

The only debatable questions in the case were: What were the terms of the contract between appellee and the appellant Ford under which the drove of beeves in question was driven

by the latter to Kansas, and whether the instrument relied upon by appellants, signed by Ford and appellee, and witnessed by Brown, properly set forth this contract and was binding upon appellee? The evidence upon these questions was conflicting and contradictory. And in the absence of any error in the charge of the court, we must regard the verdict of the jury as conclusive.

The alleged newly-discovered evidence is not of a character calculated to change the verdict, if it had been before the jury. The appellee's right to recover does not depend upon the abstract proposition whether he and Ford, as to third parties, or even between themselves, were partners in the drove of beeves purchased with the money advanced by him. But conceding that they were partners, the question still remains, what were the terms, stipulations, and conditions of the partnership as between themselves? For it certainly cannot be doubted that, as between the parties themselves, the active and managing partner may bind himself, on a dissolution of the firm and settlement of the partnership business, to repay the capital advanced by the other partner, whether profits are made or not, and even although the capital so advanced may be entirely lost in the prosecution of the partnership enterprise.

The objection by appellant Brown, that he did not borrow the money from appellee, and was not a party to the contract between him and Ford, is not worthy of serious consideration. The proof shows, and both he and Ford swear, that they were general partners at the time in the cattle business, which, it appears from the record, was under the management and control of Ford; and Brown himself testifies that he was jointly interested with Ford in his (Ford's) half of this very drove. Unquestionably, then, he was bound by and responsible on whatever contract Ford may have made within the fair and legitimate scope of his authority. It also clearly appears that he was not only cognizant of the contract between Ford and appellant, but, as has been just said, claimed

to be interested in the beeves purchased under it by Ford with appellee's money.

The facts stated in the petition, if sustained by the evidence, entitled appellee to a judgment against both of the defendants. The general verdict of the jury affirmed their truth, and a judgment therefore was properly rendered upon the verdict against them both.

There being no error in the judgment, it is affirmed.

AFFIRMED.