MANN. MAUCK & STEPHENS v. CLAPP & BROWN.

(No. 211, Op. Book No. 1, p. 190.)

APPEAL from Cherokee County. Opinion by WHITE, P. J.

§ 503. *Venue; contract to perform obligation in a particular county.* One of the exceptions to the general statutory rule that every inhabitant of the state must be sued in the county of his domicile is: " In cases where a person has contracted to perform an obligation in a particular county, in which case suit may be instituted in that county." [Pas. Dig. 1423, note.] As the statute now is, this contract must be in writing. [R. S. 1198, sub. 5; 1556, sub. 4.] The fact that defendants were running and operating a mill in a county through their agent, while they had their domicile in another county, and that the agent contracted the debt in the county where the mill was situated for the use and benefit of the defendants, would not make them liable to be sued in the last named county, unless, as part of the contract, the parties, through their agent, had further obligated themselves to perform the contract by paying the debt in that particular county. The exception is not that the

party must have contracted a debt or obligation, but that he has contracted to *perform it* in a particular county.

§ **504.** *Partnership; dissolution and notice of; rules relating to.*  "It is a well settled rule of law, that a partnership, or other similar relation, once proved to exist, is presumed to exist until it is proved to have been dissolved." [1 Greenl. Ev. § 42; 2 Stark. Ev. 590, 688.] The fact of dissolution of a partnership, where the parties occupy the relation of dealers and customers, may be shown by direct or circumstantial evidence, sufficient to establish that the party seeking to hold the retired partner liable did know of the dissolution. This proposition involves two facts, viz.: the relation of the parties as dealers and customers, and notice, in fact, express or im·plied, to be submitted to the jury under the instruction of the court. [Collyer on Part. § 534.] As to persons who have been in the habit of dealing with the firm, it is requisite that actual notice be brought home to them; such notice may, however, be implied from circumstances. It is not material in what manner it is given. [Collyer on Part. § 533; 3 Kent Com. 66, 67; Laird v. Ivens, 45 Tex. 621.]

§ **505.** *Partners all liable though unknown as such.* Partners are all liable for articles furnished for the benefit of the firm, though the vendor does not know of the existence of the firm, and though he supposes himself dealing with and giving credit to an individual partner, by charging him alone on his books. [Ford v. McBryde, 45 Tex. 498; Devine v. Martin, 15 Tex. 25; 4 Cowen, 282.]

October 8, 1877.              Reversed and remanded.