THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY
v. C. M. CLICK.

No. 68.

1. **Charge of Court—Elements of Damage.**—In an action for personal injuries, when there is no evidence as to the value of the medicines used by the injured party after and in consequence of his injuries, it was error for the court to instruct the jury to consider all expenses for medicines in estimating damages.

2. **Charge — Exceptions Thereto.**—Article 1318, Revised Statutes, does not require a bill of exception to be taken to the charge, but it is filed and constitutes a part of the record, and is regarded as excepted to, and subject to revision for errors therein. Defendant had a right to present special instructions on the subject, but his failure to present them would not deprive him of the right to have none but the proper issue submitted to the jury.

3. **Charge Erroneous.**—A failure by the trial court to give all the law applicable to the facts will not be ground for reversal, unless special charges are asked supplying the omission; but giving a charge upon a question about which there is an utter lack of proof is reversible error.

APPEAL from El Paso. Tried below before Hon. T. A. FALVEY.

*Hague & Davis*, for appellant.—The court erred in instructing the jury to consider, in estimating the amount of plaintiff's damages, all expenses for medicines, etc. Railway v. Lyde, 57 Texas, 505.

*Leigh Clark, W. Stanton*, and *H. H. Neill*, for appellee.—An erroneous charge in a civil case, when no exception is taken to it, or counter-charge asked, is not sufficient ground for reversal, unless it clearly appears that

the jury was misled by the charge complained of.  Cook v. Wootters, 42 Texas, 296; Quetermous v. Hatfield, 14 S. W. Rep., 1096.  They were not misled by the charge in this case, other elements of damages charged upon by the court, established by the evidence, fully warranting the amount of damages assessed.  Shumard v. Johnson, 66 Texas, 71; Railway v. Hardy, 61 Texas, 232; Burbridge v. Railway, 36 Mo. App., 669; Brant v. Gallup, 111 Ill., 487.

FLY, Associate Justice. — This is an appeal from a judgment for $3500, for personal injuries sustained by appellee by jumping from a moving train of appellant, when the tender of the engine had left the rails, and an accident to the whole train seemed imminent and impending.

There are two errors assigned, the first being as follows:  "The court erred in instructing the jury to consider, in estimating damages, all expenses for medicines."  There is in the record no evidence as to the value of the medicines used by the appellee after and in consequence of his injuries, although there is considerable evidence about prescriptions, lotions, liniments, and anodynes that were used by appellee.  It was error in the court to instruct the jury to consider, in rendering their verdict, an item of damages about which there was absolutely no evidence upon which they could come to a correct conclusion.  Railway v. Tierney, 72 Texas, 312.  It is evident to us that this was an oversight on the part of the learned judge, but it was called to his attention in the motion for a new trial, and he should have granted it.

It is argued in the brief of appellee, that when no exception is taken to an erroneous charge in a civil case, nor a counter-charge asked, it is not sufficient ground for reversal.  Article 1318 of the Revised Statutes reads as follows:  "Such charge shall be filed by the clerk, and shall constitute a part of the record of the cause, and shall be regarded as excepted to and subject to revision for errors therein, without the necessity of taking any bill of exception thereto."  This statute plainly renders it unnecessary for a party to take bills of exception to the charge, and the appellant brought the matter before the court in his motion for a new trial and gave the court an opportunity to correct its error.  It is true that defendant had the right under the statute to present a special instruction on the subject; but the mere fact of a failure to so present the special charge would not deprive defendant of the right to have none but the proper issue presented by the allegations and the proof before the jury.  It has been often held, that a failure by the trial court to give all the law applicable to the facts in its general charge will not be ground for reversal, unless special charges presenting the view of the case omitted are requested by the party desiring the presentation, or unless there was positive error in the instructions given, or it appeared that he had re-

ceived injury from them.  Ford v. McBryde, 45 Texas, 498.  This is not a case of a failure to give all the law applicable to the facts, but in giving a charge upon a question about which there was an utter lack of proof.

We are unable to say that this charge did not materially affect the verdict, for there is considerable testimony about different medicines that were used by appellee after his injury, and it is natural to suppose that the jury, upon reading the objectionable charge, would conclude that it was their duty, in the absence of proof, to fix the value of the medicines as they did the balance of the damages.  How much they may have considered necessary for this purpose, and embodied in their general verdict, can not be ascertained.  We can not, as suggested by appellee, conclude that because there was no evidence to support and justify the objectionable charge, that therefore the jury did not regard it in arriving at a verdict.  It is to be presumed, on the other hand, that the jury did their utmost to comply with the demands of the charge, especially as the judge had reminded them in the opening of his charge, that "the law applicable to this case you will take from this charge, and be governed thereby." It is incumbent upon appellee to show that this erroneous charge was not calculated to mislead the jury, and unless this is done the judgment should be reversed.  This has not been done by appellee, and neither does it appear from the record that no injury resulted.  Railway v. Hardy, 61 Texas, 230; Railway v. Greenlee, 62 Texas, 345.

The other assignment sets up that the verdict is excessive, but it is unnecessary for us to pass upon that question, as the case will be returned for a new trial.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 8, 1893.

Justice NEILL did not sit in this case.