WESTERN UNION TELEGRAPH COMPANY v. JEFF SMITH.

Decided October 28, 1908.

**1.—Argument of Counsel.**

An appeal to the jury to assess damages to punish the defendant, and make it do right is improper and cause for reversal in a case where compensation is the measure of damages.

**2.—Evidence—Conclusion of Witness.**

Testimony of a witness that he made a trip as quick as he could was a conclusion; he should have stated the facts.

Appeal from the District Court of Colorado County. Tried below before Hon. Munford Kennon.

*George H. Fearons, Lewis & Austin* and *Brown, Carothers & Brown,* for appellant.

*Townsend, Ayers & Townsend* and *Adkins & Greer,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by Smith against the telegraph company for damages for failure to promptly deliver a message announcing the fact that his father was dangerously sick, and in a critical condition. Verdict and judgment below went in favor of the plaintiff for $500, from which judgment the telegraph company has appealed.

The sixth assignment presents reversible error. It complains of the following argument made by counsel for plaintiff to the jury: "When these telegraph companies fail to deliver messages in time, you ought to punish them with your verdict; that is the only way to make them do right—to punish them. These damages sued for are not to pay plaintiff so much for his suffering, but to punish the telegraph company and make it more careful."

Unless it can be said that the jury understood this argument as merely "buncomb," and an effort to tickle the ear of the audience, it must be assumed that it was intended to accomplish some purpose in influencing the jury. It was a direct appeal to the jury to return a verdict for damages as an infliction of punishment upon the telegraph company for failure to perform a duty that it owed to the plaintiff. Of course, this is not the law. In a case of this character, where the recovery is for actual damages, there should be allowed no appeal to the jury that the wrongdoer should be punished by awarding damages to the plaintiff. The question is merely one of compensation, and this the attorney who indulged in the argument must be presumed to have known. What effect the argument had upon the jury we have no means of ascertaining; but it is clear that it was calculated to have the effect which was evidently intended by the attorney who made it. That effect, of course, was to influence the jury to punish the telegraph company by a verdict for damages in favor of the plaintiff. The language is susceptible of no other construction.

As the case will be reversed for the reasons just stated, we call atten-

tion to the question raised in the seventh assignment of error. The witness who stated that he made the trip to reach his father before his death as quick as he could detailed all the facts upon which that conclusion was based, and we suggest that upon another trial the witness be confined to a statement of the facts that he relied upon to show that he exercised ordinary diligence in his effort to reach his father, leaving the jury to determine the effect of these facts, and whether they are sufficient to show that he reached the bedside of his father as quickly as he could. We do not make this last question ground of reversal, but, having reversed the case, we think the court should guard the admission of the testimony in the way pointed out.

The remaining assignments present no reversible error, but for the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*