## POSTAL TELEGRAPH CABLE CO. OF TEXAS v. SMITH.

(Court of Civil Appeals of Texas. Feb. 18, 1911.)

1. TRIAL (§ 125*)—MISCONDUCT OF ATTORNEY —ARGUMENT.

In an action against a telegraph company for a delayed message, it was error for the plaintiff's counsel in his closing argument to state that: "The only way to hold these companies in line and make them give good service is to punish them by putting a money fine on them; that wakes them up; that touches them"—for the plaintiff was only entitled to just compensation for mental anguish, and it was not the province of the jury to punish the defendant by fines.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 303–307; Dec. Dig. § 125.*]

2. TRIAL (§ 131*)—OBJECTIONS TO ARGUMENT —SUFFICIENCY.

Where the counsel of a defendant telegraph company objected to improper argument made by the plaintiff's attorney in a low tone of voice heard only by the court, and the court failed to reprove plaintiff's counsel, his objection was sufficiently presented.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 312–314; Dec. Dig. § 131.*]

Appeal from District Court, Dallas County.

Action by J. Mayrant Smith against the Postal Telegraph Cable Company of Texas. There was a judgment for plaintiff which was reversed by the Court of Civil Appeals (124 S. W. 733), and on error to the Supreme Court the cause was returned to the Court of Civil Appeals for further action, to be certified to the Supreme Court (133 S. W. 1041) and in obedience the following judgment ordering a reversal was certified to the Supreme Court.

See, also, 135 S. W. 1147.

A. P. Wozencraft and D. A. Frank, for appellant. Wendel Spence and J. E. Gilbert, for appellee.

RAINEY, C. J. On January 10, 1910, this court reversed the judgment of the lower court in favor of appellee, and rendered judgment here for the appellant. 124 S. W. 733. A writ of error was granted by the Supreme Court, and on February 8, 1911, said court, in an opinion by Mr. Justice Ramsey, held that the judgment of this court was error and remanded the case to this court for the judgment and conclusions of this court on an assignment of error presented by appellee complaining of language used by counsel for plaintiff in his argument to the jury, and the cause then to be returned to the Supreme Court for its further proceedings therein. 133 S. W. 1041.

[1] In deference to said instructions, we

proceed to the consideration of the fourteenth assignment of error made by appellant, which complains of the objectionable language used by plaintiff's counsel in his closing argument to the jury. The language complained of is: "Counsel for the defendant said that you should not give plaintiff any damages as a punishment of the defendant company, but I say that the only way to hold these companies in line and make them give good service is to punish them by putting a money fine on them; that wakes them up; that touches them." This language was highly improper and calculated to arouse the passions and prejudices of the jury, and cause them to render a larger verdict than would otherwise have been rendered. The appellee was only entitled to just compensation for the mental anguish suffered by Mrs. Smith. It was not the province of the jury in this case to inflict punishment upon the telegraph company for its negligence in failing to promptly deliver the message in order to impress it with the importance of diligence in delivering telegrams. Punishment was not a matter for their consideration. Just compensation to the appellee for the damages she had sustained was the question for the jury's determination. What effect the language may have had upon the jury we cannot tell; but from the amount of the verdict we conclude that the remarks of counsel were not without effect. Tel. Co. v. Smith, 113 S. W. 766; Tel. Co. v. Burgess, 60 S. W. 1023.

[2] In approving the bill of exceptions the court appended thereto an explanation that: "The counsel for defendant did not make his objection to the language of plaintiff's counsel set out in the above bill of exception, in such a manner as to be audible to the speaker, but was made in an undertone by defendant's counsel to the court, and the objection was not called in any wise to the attention of the plaintiff's counsel, who was then addressing the jury, nor to plaintiff's other counsel, who was present in court." The objection was made to the court at the time the language was used, but the court did not reprove counsel for the improper language, nor in any manner indicate to the jury the impropriety of such remarks, and the jury were left to consider the same without any intimation from the court of his disapproval of the same. Had the court charged the jury to disregard the remarks of counsel, it might be said that the jury were not influenced by the remarks; but this was not done.

We therefore hold that this use of said language is sufficient to cause a reversal of the judgment, and it is so ordered.

This judgment and the foregoing conclusions are here certified to the Supreme Court for its action, as per its instructions, as above indicated.