## POSTAL TELEGRAPH CABLE CO. OF TEXAS v. SMITH.

(Supreme Court of Texas.  March 22, 1911.)

APPEAL AND ERROR (§ 1080*)—REVIEW—IMPROPER ARGUMENT.

Where the Supreme Court, after reversing a judgment of the Court of Civil Appeals, certified the case back to it for judgment on an assignment of error based on improper argument of counsel, with directions to return the case to the Supreme Court for further proceedings, the judgment of the Court of Civil Appeals, in pursuance of such certification, that the argument was improper and was prejudicial error, is binding on the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4263–4269; Dec. Dig. § 1080.*]

Error from Court of Civil Appeals of Fifth Supreme Judicial District.

Action by J. Mayrant Smith against the Postal Telegraph Cable Company of Texas. There was a judgment for plaintiff which was reversed by the Court of Civil Appeals (124 S. W. 733), and on error to the Supreme Court the record was returned to the Court of Civil Appeals for further action to be certified again to the Supreme Court (133 S. W. 1041). The Court of Civil Appeals recertified the case to the Supreme Court with its action as directed (135 S. W. 1146). Reversed and remanded.

Spence, Knight, Baker & Harris and Gilbert & Upthegrove, for plaintiff in error. A. P. Wozencraft and D. A. Frank, for defendant in error.

RAMSEY, J.  The Court of Civil Appeals determined that the argument complained of was improper and was "calculated to arouse the passions and prejudices of the jury, and cause them to render a larger verdict than would otherwise have been rendered. The appellee was only entitled to just compensation for the mental anguish suffered by Mrs. Smith. It was not the province of the jury in this case to inflict punishment upon the telegraph company for its negligence in failing to promptly deliver the message in order to impress it with the importance of diligence in delivering telegrams. Punishment was not a matter for their consideration. Just compensation to the appellee for the damages she had sustained was the question for the jury's determination. What effect the language may have had upon the jury we cannot tell, but from the amount of the verdict we conclude that the remarks of counsel were not without effect. Tel. Co. v. Smith (Tex. Civ. App.) 113 S. W. 766; Tel. Co. v. Burgess (Tex. Civ. App.) 60 S. W. 1023."

We think their conclusion is binding on this court, and that the judgment of the trial court should be, as held by the Court of Civil Appeals (124 S. W. 733), reversed,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and the cause remanded for further proceedings in accordance with law, and it is so ordered.