## J. MAYRANT SMITH v. POSTAL TELEGRAPH CABLE COMPANY OF TEXAS.

### No. 2122.   Decided February 8, March 22, 1911.

**1.—Telegraph—Death Message—Damages—Notice.**

The message "Dave died this morning. Will make all arrangements," sent to a sister of deceased by one who had previously undertaken to send such notice and to make arrangements for interment in another city in case of the expected death, conveyed notice to the telegraph company that the person to whom it was sent probably desired to and would attend the funeral, and was sufficient to render the telegraph company liable for damages by the loss of that privilege through its negligent delay in delivering the message. Western U. Tel. Co. v. Kuykendall, 99 Texas, 323, distinguished. (Pp. 173, 174.)

**2.—Practice in Supreme Court.**

Where the Court of Civil Appeals has failed to pass upon an assignment of error involving a question of fact and made material to the disposition of the case by the rulings of the Supreme Court on writ of error, the latter will return the case to the Court of Civil Appeals to determine such question and report to the Supreme Court its findings thereon. (P. 174.)

**3.—Argument of Counsel—Jurisdiction of Supreme Court.**

Whether improper argument of counsel on the question of damages should be held ground for reversal must be determined from the facts of the case, the amount of the judgment, and attendant circumstances. The discretion of the Court of Civil Appeals in passing thereon will not ordinarily be reviewed, but their decision will be held binding on the Supreme Court. (Pp. 174, 175.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Smith sued the telegraph company and recovered damages. On defendant's appeal the judgment was reversed and rendered in its favor. Plaintiff, appellee, then obtained writ of error. The ruling denying plaintiff a right of recovery being reversed by the Supreme Court in the first opinion following, the cause was sent back to the Court of Civil Appeals to pass upon and report its rulings upon an assignment of error not considered, but becoming necessary to determine because of the reversal of the ruling on which it had rendered judgment for appellant. This being done, the Supreme Court reverse and remand in accordance with the findings of the Court of Civil Appeals on this issue. Both opinions of the Supreme Court are here published.

*Wendel Spence* and *J. E. Gilbert,* for plaintiff in error.—When notice of the main fact was given the telegraph company, it was chargeable with notice of every incidental fact that it could have ascertained by particular inquiry, and with knowledge of all the facts it could thus have learned. Western U. Tel. Co. v. Edsall, 74 Texas, 333; Western U. Tel. Co. v. Adams, 75 Texas, 535.

A death mesage is notice of the relationship between all parties named therein, and the serious interest of the addressee, the purpose for which it is sent, and that addressee will want to attend the funeral somewhere. W. U. Tel. Co. v. Ford, 90 S. W., 677; W. U. Tel. Co. v. Carter, 85 Texas, 585; W. U. Tel. Co. v. Adams, 75 Texas, 535; W. U. Tel. Co. v. Luck, 91 Texas, 178; W. U. Tel. Co. v. Porter, 26 S. W., 866.

A telegraph company contracting to deliver a death message which puts it on notice that a death has occurred, that all funeral arrangements will be made by the sender, and which thus has notice of the importance of prompt delivery of such message, can not be absolved from liability on account of its failure to deliver such message by reason of the fact that the burial spoken of in the message does not occur at the very place from which the telegram is sent. And the court erred in holding to the contrary of these propositions of law. Telegraph Co. v. Ford, 90 S. W., 677; Telegraph Co. v. Hardison, 101 S. W., 541; Telegraph Co. v. Carter, 85 Texas, 585; Telegraph Co. v. Edsall, 74 Texas, 333; Telegraph Co. v. Adams, 75 Texas, 535; Telegraph Co. v. Luck, 91 Texas, 178; Telegraph Co. v. Porter, 26 S. W., 866.

*A. P. Wozencraft* and *D. A. Frank,* for defendant in error.—When a petition does not allege facts showing that the telegraph company had notice of any of the conditions out of which the damages charged against it might arise by reason of its failure properly to perform the service of transmitting and delivering the message, a special exception to petition based upon said ground should be sustained. Western U. Tel. Co. v. Kuykendall, 99 Texas, 323; Western U. Tel. Co. v. Ayers, 93 S. W., 199; Western U. Tel. Co. v. Kibble, 115 S. W., 644; Ikard v. Telegraph Co., 22 S. W., 534; Telegraph Co. v. Kerr, 23 S. W., 566; Telegraph Co. v. Smith, 26 S. W., 218; Daniel v. Telegraph Co., 61 Texas, 452; Telegraph Co. v. Carter, 85 Texas, 580; Telegraph Co. v. McNairy, 78 S. W., 970.

In a suit on a telegram announcing the death of a relative, the telegraph company is not chargeable with notice that the party dying may be buried in any other town than that from which the telegram is sent, and in the absence of actual notice to the telegraph company that the body will be buried at another point, the court should instruct a verdict for the defendant—there being nothing in the face of the telegram to indicate where the burial would occur. Telegraph Co. v. Kuykendall, 99 Texas, 323; Telegraph Co. v. Davidson, 39 S. W., 606; Telegraph Co. v. Ayers, 93 S. W., 199; Telegraph Co. v. Kibble, 115 S. W., 644.

A verdict for damages against a telegraph company for mental anguish for a delay in delivery of a telegram announcing the death of plaintiff's wife's brother because of her failure to be at the funeral of said brother, when the evidence showed that there was no notice to the defendant telegraph company that the body would be buried in another and different city from the one from which the telegram was sent is contrary to the evidence and should be set aside upon motion of defendant. Telegraph Co. v. Kuykendall, 99 Texas, 323; Telegraph Co. v. Ayers, 93 S. W., 199; Ikard v. Telegraph Co., 22 S. W., 534; Tele-

graph Co. v. Kerr, 23 S. W., 566; Telegraph Co. v. Kibble, 115 S. W., 644.

MR. JUSTICE RAMSEY delivered the opinion of the court.

This was a suit by J. Mayrant Smith filed in the District Court of Dallas County, for damages, against the Postal Telegraph-Cable Company of Texas on account of its negligence in failing to deliver promptly the following telegram: "Belton, Texas, November 25, 1904. Mrs. J. Mayrant Smith, care Oriental Oil Company, Dallas, Texas. Dave died this morning, three o'clock. Will make all arrangements. (Signed) Wm. Thatcher." The relationship of all the parties was averred in the petition, and further that while on a visit to David Terry, the deceased, an inmate of the Confederate Home at Austin, it was arranged that in the event of the death of Terry, who was at the time sick, that Thatcher should advise Mrs. Smith of the fact by wire and make arrangements for his burial in the family burial ground at Houston, Texas. The fact of the delay in the delivery of the message sent and the facts constituting the negligence of the company in respect thereto are well and sufficiently pleaded. It is also alleged that said telegram was not delivered until after the burial at Houston. That if such message had been delivered within a reasonable time after being sent, Mrs. Smith could and would have attended the funeral of her brother, but that she was deprived of the privilege of seeing him again before he was buried, whereby she suffered great mental grief and was made sick and so continued for several days.

On a trial before the court and jury plaintiff in error recovered judgment in the sum of sixteen hundred and fifty dollars. This judgment was, on appeal by the Court of Civil Appeals for the Fifth Supreme Judicial District, reversed, in an opinion delivered on January 10, 1910, on the ground, in substance, that "there is nothing in the telegram that can be held to give notice to the telegraph company that the remains would be carried to Houston for burial, and, therefore, it can not be said that the damages resulting to Mrs. Smith in not being notified in time to attend the funeral at Houston was contemplated by the company at the time the contract to transmit and deliver the message was entered into." If this case should be ruled by the case of Western Union Telegraph Company against Kuykendall, 99 Texas, 323, then undoubtedly, plaintiff in error is. not entitled to recover. A careful examination of the opinion in that case, aided by the original record, which we have examined, has led us to the conclusion that the rule laid down in that case has no application to the question here presented, but is easily distinguishable from this case. In the Kuykendall case there had been no arrangements made for the burial and the complaint was, that by reason of the delay in the delivery of the telegram the plaintiff was prevented from preparing for the decent interment of the remains and attending the funeral which occurred at Tow Valley in the country near her home. The main object and purpose of the telegram therefore was to advise Mrs. Kuykendall of the death of her brother so that she might arrange for his burial. Of this purpose and of the facts in respect thereto the telegraph company had in fact no knowledge. It must seem obvious too, that as a condition to her at-

tending the funeral, she must first determine and conclude where the interment should take place, and make the necessary arrangements for it, before she could attend same. It was with reference to these facts that the court say, "Neither did the message give notice to the telegraph company that the deceased would be buried in the family burying ground near the home of her sister, nor of any facts and circumstances which would make it necessary for her to make preparation to receive the body or to enable her to attend the funeral." In the present case the place of the burial had been fixed and all due arrangements in respect thereto provided for, all of which was well understood and known to the addressee of the message. These were not matters as to which she needed information or as to which the message was intended to give information. The important fact intended to be conveyed to her and which alone, as she avers, was necessary to enable her to attend the funeral of her brother, was the fact of his death. This information was, by the negligence of the company, withheld from her. The nature of the telegram was such as to visit it with notice of the fact that she might and probably would wish to attend the burial whenever it might be. Nor can her right to recover be defeated because notice of the place of the funeral was not given in it.

2. There are many other questions relied on for a reversal of the judgment in the Court of Civil Appeals, all of which we have carefully examined. Unless the assignments complaining of improper argument by counsel for plaintiff in error should require a reversal of the judgment of the trial court, as to which we express no opinion, there is no other matter presented of such importance as should, in our opinion, operate to work a reversal of such judgment. In passing on the question of the argument complained of as improper the Court of Civil Appeals will naturally consider same with reference to the facts of the case, the amount of the judgment and other attendant circumstances and a decision of this matter must, in a large measure, be committed to their sound discretion. The cause will therefore be returned to the Court of Civil Appeals for the Fifth Supreme Judicial District with directions to adjudicate and determine this question, with instructions when they have done so, to certify the result of their judgment and conclusions on this point to this court for its information in its further proceeding herein.

Opinion filed February 8, 1911.

The Court of Civil Appeals have determined that the argument complained of was improper and was "calculated to arouse the passions and prejudices of the jury, and cause them to render a larger verdict than would otherwise have been rendered. The appellee was only entitled to just compensation for the mental anguish suffered by Mrs. Smith. It was not the province of the jury in this case to inflict punishment upon the telegraph company for its negligence in failing to promptly deliver the message in order to impress it with the importance of diligence in delivering telegrams. Punishment was not a matter for their consideration. Just compensation to the appellee for the damages she had sustained was the question for the jury's determination. What effect the language may have had upon the jury we

can not tell, but from the amount of the verdict we conclude that the remarks of counsel were not without effect. Tel. Co. v. Smith, 113 S. W., 766; Tel. Co. v. Burgess, 60 S. W., 1023." We think their conclusion is binding on this court and that the judgment of the trial court should be, as held by the Court of Civil Appeals, reversed and the cause remanded for further proceedings in accordance with law, and it is so ordered.

*Reversed and remanded.*

Opinion filed March 22, 1911.