## INDUSTRIAL INS. CO. v. FRAZIER.

### No. 11276.

Court of Civil Appeals of Texas. Dallas.
July 1, 1933.

Thompson, Knight, Baker & Harris and R. L. Guthrie, all of Dallas, and Fred T. Porter, of Terrell, for plaintiff in error.

W. H. Barnes and Brin & Cate, all of Terrell, for defendant in error.

LOONEY, Justice.

W. M. Frazier sued Industrial Insurance Company on a fire policy covering a dwelling in Terrell, Tex., belonging to plaintiff, alleged to have been totally destroyed within the terms of the policy. Defendant answered by general denial and pleaded specially that plaintiff had either burned or procured the burning of his house. The controverted issues of fact, upon which the case was tried, were: (a) Whether the property was a total loss; and (b) whether plaintiff procured his nephew, John Franklin Shelton, to burn the house. These issues were answered in favor of plaintiff, and judgment was rendered accordingly, from which defendant appealed.

The court submitted the following: "Question No. 2. Do you find from a preponderance of the evidence that the brick, house sills, soil pipe and walls remaining after the burning of the plaintiff's house, have any value?" Defendant objected to this issue on the ground that it placed upon it the burden of proof. In view of the evidence to the effect that no substantial part of the building was left after the fire, a total loss, within the meaning of the statute, was shown; hence the court was not called upon to submit that issue. Plaintiff's evidence showed that the building was totally destroyed; defendant's evidence, in rebuttal, is in substantial accord with the testimony offered by plaintiff, with these additional facts, that is, that some sills, brick, and soil pipe of "some value" remained, but no attempt was made to show the salvage value of these remains, nor was any fact developed from which a conclusion could have been drawn that a reasonably prudent owner, uninsured, would have used these sills, brick, and soil pipe as basis for a new building.

The case, on the point under consideration, is similar, in fact, in substance, the same, as Assurance Company v. Continental S. & B. Ass'n (Tex. Civ. App.) 8 S.W.(2d) 787 (writ refused), where we held that, the issue of total loss, whether or not, was not raised by evidence. We overrule this contention of defendant.

By appropriate assignments, defendant contends that its cause was materially prejudiced by certain phases of the concluding argument of plaintiff's counsel.

Plaintiff's nephew, John Franklin Shelton, testified that he was hired by plaintiff to burn the house, and first and last testified to a number of connecting facts and circumstances. Although flatly contradicted and his reputation for truth and veracity was impeached by several witnesses, yet the record discloses that he was corroborated by disinterested witnesses in several material respects; besides his confession to a felonious crime is not without significance. So, on the material issue of the case, that is, whether or not plaintiff hired his nephew, Shelton, to burn the house, the evidence presented such a situation as that a verdict for either plaintiff or defendant would find ample support in the evidence.

In this situation, counsel for plaintiff, in closing, said: "At the last term of court Mr. Frazier (assured) was not indicted at that time—the insurance company were about to defend this thousand dollar claim; defend this claim so that hereafter in Kaufman County folks all over the vicinity, if they had a fire loss and talked about collecting their money, then the insurance attorney or the agent for the insurance company would come down and cry, 'Arson.' 'You remember the Frazier case. You are going to be beaten too,' and they will settle for a few hundred dollars. * * * I believe I was telling you about the indictment. In February John Franklin (Frazier's nephew) was indicted. Mr. Frazier was not indicted. In the meantime the record shows this suit was filed. The June term of court came along and some time after that Mr. Frazier was indicted. He filed suit to collect his money. Then the indictment came along and when he would get on the witness stand, one of the first questions that they could pop to him was: 'You are indicted?'"

This argument, in our opinion, was reasonably calculated to arouse the self-interest of jurors and divert their attention from the main issue under consideration; in effect, was an appeal for a verdict that, as a precedent, would serve the interest generally of policyholders in that community who might in the future suffer a similar loss.

Arguments of this nature have uniformly been condemned as prejudicial, constituting reversible error. St. Louis, etc., R. Co. v. Lowe (Tex. Civ. App.) 86 S. W. 1059; St. Louis, etc., R. Co. v. Harkey, 39 Tex. Civ. App. 523, 88 S. W. 506; Postal, etc., Co. v. Smith (Tex. Civ. App.) 135 S. W. 1146; McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554.

Again counsel said: "Just one other thing I want to talk about, about this affidavit (Shelton's confession) signed before this bunch of firemen, when they told him they

would carry him to Austin and put him in jail if he didn't sign it—that if he would sign it, it wouldn't be very hard on him. Don't you know how they worked with him and intimidated him (John Shelton)? And for a long time he wouldn't say anything; wouldn't tell them anything and they outtalked him and he signed it. Don't you know there is something back there? Don't you know that's unusual? Don't you know they promised him something? Why don't they have this fellow from Austin (fire marshal) to tell you that they didn't intimidate him and persecute him and make him any promises, that came out of Austin; why don't they have them here?"

Article 4899, R. C. S., provides that the action of the fire marshal shall not affect the rights of a policyholder or the company, nor shall statements, with reference to the origin or cause of a fire made by or on behalf of or to the fire marshal or any one acting for him or under his direction, be admissible in evidence. In view of these provisions, we think the argument, wherein counsel stated that defendant should have had the fire marshal present as a witness, was unauthorized and prejudicial, for, if present, he could not have testified to any fact, in regard to the origin of the fire, procured under the circumstances. We therefore sustain the assignments complaining of the argument of plaintiff's counsel in the respects discussed, and because of its prejudicial nature, reverse the judgment and remand the cause.

Reversed and remanded.