**BOONE v. HENRY.**

No. 14229.

Court of Civil Appeals of Texas.
Fort Worth.

May 2, 1941.

Rogers & Spurlock, of Fort Worth, for appellant.

G. L. Robertson, of Fort Worth, and M. M. Wade, of Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff Claudya Henry recovered judgment against defendant J. W. Boone for an alleged breach of promise to marry. Defendant has appealed.

Appellant questions the sufficiency of the evidence to show the existence of a contract to marry. In view of the fact that a new trial must be ordered for other reasons, we shall not express an opinion as to the sufficiency of the evidence, further than to say that we do not consider that the state of the record would authorize us to render judgment for appellant on this ground. The Supreme Court has stated the rule as follows: "The honorable Court of Civil Appeals had authority to reverse

the judgment of the trial court on the preponderance of the evidence; but it could not render the judgment, if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Wininger v. Fort Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150.

The issue concerning damages, and the instructions accompanying it, are as follows:

"What sum of money, if any, if paid now in cash, do you find and believe from a preponderance of the evidence will fairly and reasonably compensate plaintiff for the damages, if any, you have found she sustained?

"You will answer this issue in dollars, if any.

"In ascertaining the damages, if any you may have found in answer to the foregoing issues, the jury may take into consideration pecuniary or financial (if any), social (if any), and domestic advantages (if any) which you may believe and find the plaintiff might have reasonably expected (if any) from marriage with defendant J. W. Boone, and such humiliation and worry, if any, you find she may have suffered.

"You are further instructed that if you have answered Issue No. 11 'no', then you will not consider the item hereinafter named, in arriving at any sum in answer to Issue No. 14; but that if you have answered Issue No. 11 'yes', then you may consider the expenses, if any, to the plaintiff, that she has necessarily incurred in caring for said child. And if you have answered Issue No. 11 'yes', and if you find and believe from a preponderance of the evidence that the plaintiff will necessarily expend sums of money in the future for the care of said child, prior to the time the child is 16 years of age, you may take such fact into consideration."

■ There is neither evidence that plaintiff incurred any expenses in caring for the child, nor evidence as to the amount of any such expenses. Under authority of such cases as Dickey v. Phoebe Jackson, Tex.Com.App., 1 S.W.2d 577, Atchison, T. & S. F. Ry. Co. v. Click, 5 TexCiv.App. 224, 23 S.W. 833, and Hillebrant v. Brewer, 6 Tex. 45, 55 Am.Dec. 757, we hold that it was error for the court to allow the jury to consider this item of damages, there being no proof in support thereof.

Appellant contends that the instruction given allows a double recovery of damages, in that in the first paragraph the jury is advised that it may take into consideration any pecuniary and financial advantages which the plaintiff might have reasonably expected from the marriage, while in the second paragraph the jury is advised that it may take into consideration the matter of support of the child. Appellant argues that the financial advantages expected to be obtained from the marriage, referred to in the first paragraph, would include the support of the child by the defendant, and that the allowance of the same item in the second paragraph would result in a double recovery.

The case of Huggins v. Carey, 108 Tex. 358, 194 S.W. 133, 134, appears to us to be in point. The charge in the case reads as follows: "The measure of damages in this case is compensation to the plaintiff for the breach of the promise to marry her, which includes all damages sustained by her on account of injury to her feelings, affection, and wounded pride, as well as the loss of the marriage of the defendant. And, if you further believe from the evidence that by reason of such promise to marry her, if such was made by the defendant, he seduced her and begot her with child, and that child was born of said seduction, then you may add to such sum such other and further damages as in your sound discretion you believe she has sustained by reason of such seduction and by reason of the disgrace and humiliation which she has thereby sustained, if any."

The Supreme Court held that the charge just quoted allowed a double recovery, for somewhat the same reasons urged by appellant in the present case.

■ Appellee has cited Funderburgh v. Skinner, Tex.Civ.App., 209 S.W. 452, in support of her contention that the charge does not allow a double recovery. While there is language in·this latter case which seems to support appellee's contentions, we feel that the Huggins case is more nearly in point. See, also, International-Great Northern Ry. Co. v. King, Tex.Com.App., 41 S.W.2d 234.

Appellant's remaining assignments relate to certain portions of the argument of plaintiff's counsel to the jury. Two of the remarks made by plaintiff's counsel are as

follows: "And then he comes before this court and jury and asks you to turn him free and let him roam the streets of our cities and our state looking for further prey—and to leave her as an unmarried woman to raise an unnamed child. * * *· Why, it is nothing to him—nothing to him, if a judgment is rendered against him. Maybe he can dig up some of that property, some money, but if he is let free, why he is unbranded in the eyes of the public."

We consider the argument improper as injecting into the case the thought of returning a verdict against defendant as punishment, as distinguished from an award of compensation to plaintiff for the damages she may have suffered. As is said in Postal Telegraph Cable Co. v. Smith, 104 Tex. 171, 135 S.W. 1147: "* * * The appellee was only entitled to just compensation for the mental anguish suffered by Mrs. Smith. It was not the province of the jury in this case to inflict punishment upon the telegraph company for its negligence in failing to promptly deliver the message in order to impress it with the importance of diligence in delivering telegrams. Punishment was not a matter for their consideration. Just compensation to the appellee for the damages she had sustained was the question for the jury's determination."

See, also, Western Union Telegraph Co. v. Smith, 52 Tex.Civ.App. 107, 113 S.W. 766; Gulf, C. & S. F. Ry. Co. v. Dooley, 62 Tex.Civ.App. 345, 131 S.W. 831; Nicholson v. Nicholson, Tex.Civ.App., 22 S.W. 2d 514; Allis-Chalmers Mfg. Co. v. Board, Tex.Civ.App., 118 S.W.2d 996.

At another point in his argument, plaintiff's counsel said: "Was he man enough to go on and marry her and give that child a name? No, here is what he did, he wrote her they would cancel their engagement. That someone else was responsible, and, of course somebody else? You saw that baby, and you saw him sitting there. That baby didn't look like him just because he rode through there on the mail car!"

Immediately after this remark was made, defendant's counsel objected, and the court in response stated to the jury that the argument was withdrawn. At a later point in the argument, plaintiff's counsel said: "You had a right to observe that baby when it was in here. And I repeat it again, you could see the similarity between them. Unfortunately the baby has to carry it through its life."

Again defendant's counsel objected, and again the court withdrew the remark from the jury. In response to this last instruction of the court, plaintiff's counsel made the following statement to the court and the jury: "It is proper for them to observe the appearance of the baby."

After this the court again told the jury that the argument was withdrawn. We do not believe that the harm thus done could be undone by the court's instruction, especially where the same statement was made three times.

"The right to make profert of the child in civil actions for rape as well as in prosecutions for seduction and rape and in bastardy proceedings is a question upon which there is much conflict generally between the authorities." Jaffe v. Deckard, Tex.Civ. App., 261 S.W. 390, 395, writ of error refused. See, also, annotation in 40 A.L.R. 97. In the case just cited, plaintiff, a negro girl, sued defendant, a white man, for damages resulting from an alleged criminal assault upon her. The precise point before the Court of Civil Appeals was the action of the trial court in declining to exclude the child from the courtroom. There was no formal profert of the child, nor was there, so far as the opinion shows, any comment by counsel on the resemblance of the child to the defendant. The court held that it was not error to permit the child to be in the courtroom, saying: "Where the issue is as to race or color the child may be exhibited to the jury."

So·far as we have been able to ascertain, this is the only case involving a question of this nature that has come before the civil appellate courts of Texas. Our Court of Criminal Appeals has held in prosecutions for seduction that it is error to have the child brought before the jury, identified and introduced in evidence; Gleason v. State, 77 Tex.Cr.R. 300, 178 S.W. 506; and that it is error for the prosecuting attorney to comment in his argument on the resemblance·of the child to the defendant; Adams v. State, 87 Tex.Cr.R. 67, 219 S.W. 460. In several opinions of the Court of Criminal Appeals it is held that proof of resemblance of a very young child is improper. Barnes v. State, 37 Tex.Cr.R. 320, 39 S.W. 684 (child three or four months old); Kilpatrick v. State, 39 Tex.Cr.R. 10, 44 S.W. 830 (child less than six weeks old); Hilton v. State, 41 Tex.Cr.R. 190, 53 S.W. 113 (child seven months old); Gray v. State, 43 Tex.Cr.R. 300, 65 S.W. 375 (child

ten months old). The child in the case on appeal was about eight months old at the time of the trial. It is a matter of common knowledge that the features of a very small child are not settled to the extent that resemblance is as plain as it is in the case of adults.

■ And in any event, we would consider it an unsound practice to permit counsel to comment in his argument to the jury upon supposed resemblance unless the question had been raised in some manner in the introduction of evidence.

In view of the foregoing, the judgment of the trial court must be reversed, and the case remanded for another trial.