## FREDERICK W. PIKE
### v.
## THE PEOPLE.

*Bastardy—Paternity of Child—Period of Time Properly Covered by Inquiries as to Intercourse with Prosecutrix.*

In a bastardy proceeding, where the child was born June 18, 1888, upon inquiry as to the paternity of the child, questions for the purpose of ascertaining whether or not the prosecutrix had illicit intercourse with other men than defendant between August 14 and September 12, 1887, were proper.

[Opinion filed December 16, 1889.]

APPEAL from the County Court of Ogle County; the Hon.
GEORGE P. JACOBS, Judge, presiding.

Mr. E. F. DUTCHER, for appellant.

Mr. Delos W. Baxter, for appellee.

Upton, P. J.  This is an appeal from the County Court of Ogle County from a judgment therein rendered against the appellant for bastardy.

Upon the trial below there was a direct conflict between the testimony of the prosecutrix and that of the appellant as to the paternity of the child, she swearing positively to his guilt, and he as positively denying that he had any sexual intercourse with her, within any period of time possible for him to have begotten the bastard child.  Her testimony was wholly uncorroborated, and he was in part sustained by circumstances proven by other witnesses, tending to show that at a time within which the child might have been begotten she had illicit sexual intercourse with other men than appellant.  Medical writers of the highest celebrity and authority agree, and the fact is well established, that pregnancy is a condition which may exceed the nominal limit for its duration; but the actual limit to this excess, can not, in the present state of physiological science be accurately known.  Approximately, its duration may be stated from 260 to 308 days after coition, and the average or usual period as 276 days.  Chap. 3, Wharton and Stillis, Vol. 2, p. 1, Med. Juris., 3d edition, tables and authorities there cited.

It may be stated upon the same authority, that it is only by *inference* that the mother can afterward fix the paternity of her offspring when she submits herself to the embrace of several at or about the time she became pregnant, and in so doing she places it out of her power to draw any safe conclusion upon that subject.  It must be apparent upon reason as well as authority, that when two causes are shown to exist, either of which is adequate to produce the effect or result, and there are no circumstances to determine the mind in favor of either, the cause must necessarily remain wholly *uncertain*, and in such case there would not be sufficient evidence to justify a conviction.

The child was born on the 18th day of June, 1888, and the prosecutrix was an unmarried woman.  It follows there-

fore, that upon an inquiry to determine the paternity of the child, it would be highly pertinent to ascertain whether the prosecutrix had illicit sexual commerce with other men than the appellant, within the period above mentioned, viz., August 14 and September 12, 1887. This inquiry the appellant sought to make in the court below upon the trial in the cross-examination of the prosecutrix. She was asked, " Did you or not have illicit intercourse with Joseph Gates, between the 15th day of August and the 1st day of October, 1887 ? " To which question counsel for appellee objected and the court below sustained the objection and appellant excepted. This was erroneous. It is true that the prosecutrix afterward stated that she did not have illicit intercourse with *William* Gates between the 1st day of September and the 1st day of November, 1887, but if it be conceded the William Gates and Joseph Gates here spoken of were intended as the same person, still the error was not obviated; the inquiry was too limited in point of time.

The same may be said as to the inquiry on cross-examination as to her illicit intercourse with Emil Signell, the Swede. Of Van Slaughter, a witness called on the part of the appellant, this question was asked: " Did you or not, between the 10th day of August, 1887, and the 1st day of November, 1887, at and within the County of Ogle and State of Illinois, have illicit intercourse with Kate Bork, the prosecuting witness ? " To which appellee's counsel objected and the objection was sustained by the court; the witness was not permitted to answer and appellant duly excepted. This was manifestly erroneous. The witness in reply to the question, " Did you have illicit intercourse with Kate Bork at any place in Ogle county in the first part of September or the last week in August, 1887 ? " answered, " No, sir, I did not in September or October, 1887." Appellant's counsel then stated to the court that he wished to prove by that witness that in the month of August, 1887, the witness did have illicit intercourse with Kate Bork, and upon objection to that evidence being made by the attorney for the appellee, the court sustained the objection and refused to allow the witness

to testify to any illicit intercourse between the witness and Kate Bork prior to the last week in August, 1887, to which ruling appellant excepted. This also was erroneous, as we have seen the inquiry should have been allowed to include the 14th day of August, 1887, at least. We perceive no substantial error in the instructions, but for the errors indicated the judgment must be reversed and the cause remanded.

*Judgment reversed.*