## J. H. KILPATRICK V. THE STATE.

### No. 1586. Decided March 2, 1898.

**1. Continuance—Bill of Exceptions—Practice on Appeal.**

Unless a bill of exceptions to the overruling of an application for continuance was reserved in the trial court, the matter can not be revised on appeal.

**2. Incest—Evidence as to Resemblance of Child to Defendant.**

On a trial for incest by a stepfather with his stepdaughter, it was error to permit a physician, who had delivered the prosecutrix of a child, to testify that he saw the child several times after its birth, and during a period of six weeks, and that, in his opinion, the child favored the defendant. Following Barnes v. State, 37 Texas Crim. Rep., 320.

**3. Same.**

But such testimony as that stated in paragraph 2, supra, would not constitute reversible error where defendant's guilt has been conclusively established by other evidence.

**4. Same—Evidence—Acts and Conduct of Prosecutrix.**

On a trial for incest, where it was shown that the prosecutrix did not become pregnant until the latter part of October, 1896, it was not error for the court to refuse to permit defendant to prove, that during the preceding summer she was seen sitting in the lap of Laz Smith, and that he hugged and kissed her, there being no evidence that Laz or any other man, except defendant, was familiar with her about the time she became pregnant, in October.

APPEAL from the District Court of McLennan. Tried below before Hon. SAMUEL R. SCOTT.

Appeal from a conviction for incest; penalty, four years' imprisonment in the penitentiary.

The indictment charged appellant with committing incest with Susie Maloney, his stepdaughter.

No statement necessary.

*Cunningham, Cunningham & McCollum,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of incest with his stepdaughter, his punishment being assessed at four years confinement in the penitentiary; hence this appeal.

Appellant's motion for a continuance was overruled, and he assigns

this action of the court as error. A bill of exceptions was not reserved, and therefore the matter can not be revised.

Pending the investigation of the case, Dr. Hudson was permitted to testify that he attended the prosecutrix at the birth of her child, and saw it several times during its life of about six weeks' duration, and in his opinion the child favored the defendant. This testimony was excepted to at the time as irrelevant, immaterial, not permissible as a means of corroborating the prosecutrix. The objection, we think, was well taken. See Barnes v. State, 37 Texas Crim. Rep., 320; Hanawalt v. State, 64 Wis., 84, 24 N. W. Rep., 489; State v. Danforth, 48 Iowa, 43. If the proof had been conclusive of the defendant's guilt, although this testimony was not admissible, we would not reverse the judgment. It is true that the prosecutrix testified positively to the incestuous acts, but her own testimony makes her an accomplice, for she consented. The corroboration consists mainly in the defendant's failure to deny these matters when charged with them, and the further fact that, during the same conversation with the relatives of the prosecutrix in which he was charged with said incestuous intercourse, he proposed to make over his property to his wife and children, and leave the country. But even here he assigns as a reason for this proposition that it was made to save the publicity of family disgrace. When upon the stand, the defendant himself denied intercourse with the girl, and contradicted the other witnesses with reference to his failure to deny his incestuous intercourse, and asserted positively that he did deny it. And said testimony also indicates, and it is supported by some of the other testimony, that he was virtually held under arrest by his two brothers-in-law, one or both of whom was armed and in the room at the time of said conversation. So, we say that, under the peculiar facts of this case, the statement of the doctor with reference to the likeness of the child to the defendant, being illegitimate testimony, may have been taken as corroborative evidence of the prosecutrix.

Some other bills of exception were reserved to the action of the court in refusing to permit the defendant to prove that the prosecutrix, during the summer of 1896, was seen sitting upon the lap of Laz Smith; and that during the summer of 1896 said Laz Smith hugged and kissed said witness. We do not think this testimony was admissible; for it is shown that the girl did not become pregnant until the latter part of October, 1896, and there was no attempt made to prove that Laz Smith or anybody else was familiar with her later than the summer of the year 1896. It was not offered to be shown that along in October about the time that this pregnancy should have occurred, she was familiar with any of the named parties, or in fact with anybody else except the defendant. Pike v. People, 34 Ill. App., 112.

Defendant's bill of exceptions reserved to the action of the court refusing his requested instructions shows no error. The court had sufficiently charged with reference to the law of accomplice testimony, and the necessary corroboration.

For the reason indicated in regard to the admission of the testimony of Dr. Hudson, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*