Evidence *held* sufficient to support conviction of manufacturing intoxicating liquor.

Appeal from District Court, Montgomery County; J. L. Manry, Judge.

Charley Corley was convicted of unlawfully manufacturing intoxicating liquor, and appeals. Affirmed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J.   Conviction is for the unlawful manufacture of intoxicating liquor; punishment three years' confinement in the penitentiary.

No bills of exception appear in the record, and the only question for consideration is the sufficiency of the evidence.

The sheriff discovered two stills in operation, together with 18 barrels of mash and 9 gallons of whisky. Appellant was not present at the time of the raid, but two other parties were arrested who were present. A witness who lived about three quarters of a mile from where the still was located had seen appellant passing his house frequently going to and from the direction of the still with barrels on his wagon and other things which were covered up in such a manner that the articles could not be distinguished. About two weeks before the raid, appellant had made an effort to hire a boy 17 years old to watch the still. The boy was a nephew of witness. He objected to the boy engaging in such an enterprise and went to where the still was then in operation and saw appellant and his son making whisky.

The evidence is amply sufficient to support the verdict, and the judgment is affirmed.

---

## DEAL v. STATE.   (No. 8929.)

(Court of Criminal Appeals of Texas.   March 11, 1925.)

1. Criminal law ⬗1099(1)—Statement of facts not considered where not approved by district judge.

Deposit of statement of facts agreed to by district attorney and appellant's counsel with district clerk within time required, without approval of district judge, *held* not to justify consideration of such statement on appeal, or issuance of certiorari to perfect record, in absence of showing of diligence.

2. Criminal law ⬗1099(7)—Illness of judge in adjoining county held not to excuse lack of effort to procure approval of statement of facts.

That district judge was in adjoining county, ill, *held* not to justify appellant making no effort to procure his approval of statement of facts, and his filing of such statement with district clerk without such approval.

On application for leave to file second motion for rehearing. Leave to file motion denied.

For former opinion, see 268 S. W. 746.

LATTIMORE, J.   [1, 2] We regret that we cannot grant the application for leave to file second motion for rehearing. The showing of diligence on the part of appellant with regard to the filing of statement of facts is not sufficient. The depositing of said statement of facts, after same had been agreed to by the district attorney and appellant's counsel, with the district clerk within the time required, but without the approval of the district judge, would not justify us in giving said statement consideration, or in ordering the issuance of certiorari to perfect the record, unless there had been a showing of more diligence than here appears. The mere fact that the district judge was in an adjoining county, ill, would not justify appellant in making no effort apparently to procure his approval. However, in this connection we might observe that we have examined the statement of facts, and if same were before us it would not change our judgment of affirmance.

Leave to file second motion for rehearing is denied.