**John E. HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44924.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Rehearing Denied June 14, 1972.

Claude E. Giles, of Edwards, Faulkner & Giles, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Kenneth Crow and Randall Sellers, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for incest. The punishment, enhanced under the provisions of Article 63, Vernon's Ann. P.C., life.

Appellant challenges the sufficiency of the evidence to support the conviction.

The record reflects that prosecutrix, a thirteen year old girl, lived at the Methodist Home in Waco until she was released to her father, appellant herein, about April 23, 1970, on a temporary basis. The prosecutrix testified that on Sunday afternoon, May 7, 1970, she went to the "Party Line", a lounge operated by appellant, on the Dallas highway in McLennan County, where she spent the evening; that after the lounge was closed and everyone left except the prosecutrix and appellant, the appellant placed his hand under her pants and told her to get on the pool table; that appellant removed her pants and placed the private part of his body into the private part of her body. Prosecutrix further testified that she did not want the appellant to have intercourse with her, but that she was afraid of him and that appellant laid a gun on the pool table by her head. Dr. Gamble testified that he examined prosecutrix, found no indication of force having been applied to her and took smears from the vaginal area. Dr. Smith examined the smears and testified that he found the presence of sperm.

The appellant's wife testified that prosecutrix and appellant had a fuss and appellant had slapped prosecutrix prior to the day prosecutrix went to the lounge with appellant. She further testified that they returned home from the lounge about 1 A. M., and that she remembered that prosecutrix went to the bathroom about 3 A.

M., that morning. Prosecutrix testified that the act of intercourse with appellant took place about 3 A. M. at the lounge.

Witness McBroom, an employee at appellant's lounge, testified that appellant and prosecutrix took her home at 12:15 A.M. the night in question and left the only set of keys to the lounge with her in order that she might open the lounge the next day.

Dr. Wentworth testified that he had treated the prosecutrix while she was at the Methodist Home, from August 27, 1968 until March 20, 1970, and in his opinion, she had suffered some minor brain damage in the past and that she was an emotionally disturbed child. He further testified that it would be possible for her to accuse her father of having intercourse with her assuming her father had slapped her for writing nasty notes about her stepmother.

Appellant contends that the prosecutrix was an accomplice and that her testimony lacked corroboration. In Alberts v. State, 458 S.W.2d 83, this Court said, "If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years [1] *voluntarily participated in the criminal act,* or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, *such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness."* (emphasis added)

In the instant case, the court's instruction on accomplice witness included the following, "You are instructed that the witness . . . (prosecutrix) is an accomplice, if you find that she did voluntarily and with her own consent participate in the unlawful act of carnal knowledge with the defendant, but if she did not voluntarily and did not with consent participate in such unlawful act, then you are instructed that she is not an accomplice."

■ The prosecutrix testified that the act of intercourse took place at 3 A.M., while she was alone with appellant in the lounge; that appellant laid a gun on the pool table by her head and she was afraid of appellant. We find the evidence sufficient to support a jury finding that prosecutrix was not an accomplice witness.

Appellant urges that the testimony that prosecutrix is an emotionally disturbed child, that prosecutrix was mad at her father, and the testimony of the stepmother that appellant and prosecutrix returned home at 1 A.M., on the morning in question, is all undisputed. The jury is authorized to accept or reject any or all of the testimony of any witness. Franklin v. State, Tex.Cr.App., 457 S.W.2d 53; Preston v. State, Tex.Cr.App., 457 S.W.2d 279.

We find the evidence sufficient to support the conviction.

Appellant contends the court was in error in overruling his second amended motion for new trial because of newly discovered evidence concerning one Robert Ridings, Jr., having had intercourse with prosecutrix during the early morning hours of the day in question.

At the hearing on the motion for new trial, Ridings, who had been in jail with appellant (and whose affidavit was attached to the second amended motion for new trial) testified that he had met prosecutrix outside her house about 4 A.M., on the date in question, and had sexual intercourse with her. Appellant's wife testified that prosecutrix had been going with a boy named Robert whose last name she did not know. Prosecutrix had testified during the trial that on the night in question, she

---

1. Art. 30, Sec. 1, V.A.P.C., amended by Acts 1967, 60th Leg., p. 1086, ch. 475, § 7, eff. Aug. 28, 1967 provides: "No person may be convicted of any offense, except perjury, which was committed before he was 15 years of age . . . . ."

drank a coke with a man whose name she thought was Robert at the "Party Line."

Appellant testified that he had tried to locate a boy by the name of Robert, since he knew that prosecutrix had been going with a boy by this name.

Appellant urges that the act of intercourse with Robert Ridings, Jr., accounts for the finding of sperm by the doctor.

■ In order to entitle an accused to a new trial, the newly discovered evidence must be such as would likely change the result, if produced on another trial. Bryan v. State, Tex.Cr.App., 406 S.W.2d 210; 1 Branch's Ann.P.C., Sec. 256 at 252 (2d ed. 1956).

■ The decision on a motion for a new trial rests in the sound discretion of the trial court and, in the absence of an abuse of discretion, will not be disturbed on appeal. Bryan v. State, supra; Grizzel v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816.

Dr. Smith had testified, at the trial, that one sperm is very much like another and that there is no way to tell the difference between them. Thus, the origin of the sperm could not have been determined. The facts proposed to be proven by the newly discovered evidence do not preclude appellant's guilt, since it would have been possible for prosecutrix to have had intercourse with appellant at 3 A.M., at the "Party Line," and have met Ridings at her home at 4 A.M.

■ We conclude that the court did not abuse its discretion in overruling appellants' amended motion for new trial.

Appellant contends the court was in error in overruling his amended motion for new trial based on jury misconduct and *newly discovered evidence which showed that prosecutrix had prior acts of intercourse.*

Attached to the amended motion for new trial was an affidavit by appellant's wife that she had seen one of the State's witnesses, Wayne Ball, an administrator from the Methodist Home, talking to Ross Sams, a juror, during one of the recesses of the trial.

Also attached to appellant's amended motion for new trial was an affidavit from Dr. Charles Gamble that he had examined prosecutrix on May 18, 1970, and that, in his opinion, she had prior acts of intercourse.

The transcription of the court reporter's notes of the hearing on appellant's amended motion for new trial does not reflect the introduction of the affidavits or any testimony in support thereof.

In Polk v. State, 172 Tex.Cr.R. 211, 355 S.W.2d 712, this Court rejected a complaint of the overruling of a motion for new trial in which it was contended a member of the jury communicated with a State's witness and said, "The record does not contain a statement of facts of any evidence adduced upon the hearing of the motion, in the absence thereof, appellant's complaint is not properly before us for review."

In Killingsworth v. State, 154 Tex.Cr.R. 298, 226 S.W.2d 635, complaint was made of the overruling of a motion for new trial based on jury misconduct. The affidavit of a juror set forth in the motion was not introduced at the hearing. This Court said, "It (affidavit) should have been introduced in evidence upon such hearing and the court given an opportunity to hear evidence thereon."

■ In the instant case, the affidavits, not having been introduced, and no evidence having been presented at the hearing, nothing is before us for review.

■ Further, in a prosecution for incest, the character of the prosecutrix for chastity is immaterial. Richardson v. State, 44 Tex.Cr.R. 211, 70 S.W. 320; Kilpatrick v. State, 39 Tex.Cr.R. 10, 44 S.W. 830.

Appellant complains of the court's overruling his motion for mistrial based on the referrals of State's attorney on voir dire examination to the failure of appellant to testify.

At various stages of the voir dire examination by the State, the record reflects the following occurred:

"I have no authority to call or place Mr. John Hill on the witness stand. I cannot do this."

\* \* \* \* \* \*

"I don't know if they are going to put any evidence on. . . ."

\* \* \* \* \* \*

"You do understand, do you not, that I cannot place Mr. Hill on the witness stand?"

\* \* \* \* \* \*

"Do you understand that I cannot call Mr. Hill as a witness?"

\* \* \* \* \* \*

"And, you understand that I cannot place the man on the witness stand? He may get on and he may not."

In the recent case of McCary v. State, 477 S.W.2d 624, (1972), where a similar contention was made, this Court said:

"It is well settled that for statement to offend against the statute (Article 38.08, supra) the language utilized must be considered from the jury's standpoint and the implication that language used had reference to the accused's failure to testify must be a necessary one. Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967) and cases there cited. 'It is not sufficient that the language might be construed as an implied or indirect allusion thereto.' Richardson v. State, 172 Tex.Cr.R. 299, 356 S.W.2d 676 (1962)."

"In the instant case, unlike most of those relied upon by the appellant, the complained of statements were made during the voir dire examination of the jurors and not during jury argument after the conclusion of the testimony. The record does not reflect that appellant informed the court or the prosecutor that he would not testify in the case. No motion in limine was filed. Thus, the remarks were made at a time when State's counsel had no way of knowing whether the appellant would testify or not, see Deal v. State, 9 Tex.Cr.R. 385, 268 S.W. 746, 269 S.W. 433 (reh. denied) (1925); Locke v. State, 168 Tex. Cr.R. 507, 329 S.W.2d 873 (1960), and in connection with his effort to qualify the jurors and to exercise the State's peremptory challenges as well as those for cause. Cf. Wilkerson v. State, 119 Tex.Cr.R. 4, 45 S.W.2d 201 (1932)."

█ As in McCary v. State, supra, we cannot conclude the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the subsequent failure of the appellant to testify so as to offend the statute.

No error is shown in the court's refusal to grant appellant's motion for mistrial.

█ Appellant contends the court erred in overruling his objection to a statement made on voir dire examination of the jury by the State that prosecutrix was scared to death.

The complained of statement made on voir dire was, "She's (prosecutrix) scared to death, I can't help it, she can't help it, nobody can help it." Just prior to this statement, counsel for the State had said, "If you can't hear, I'm going to assume that you will make that fact known to the court and I'm going to do everything I can to make the little girl (prosecutrix) speak up where you can hear her."

Appellant contends that the statement was prejudicial toward him in that it insinuated that he was the reason the prosecutrix was scared to death.

In Phillips v. State, 139 Tex.Cr.R. 574, 141 S.W.2d 371, where prosecutrix, in a

rape case, was sixteen, the State referred to the mental anguish prosecutrix must have suffered in giving her testimony before a crowded courtroom and such remarks were held not to be improper.

In the instant case, it is noted that the State said, "nobody can help it" that she's scared to death. Under the circumstances herein where a fourteen year old (age at time of trial) girl was about to be called as a witness to testify in court regarding an act of intercourse with her father, we find nothing improper in the complained of remarks.

Appellant contends that the court was in error in refusing to allow him to take the prosecutrix on voir dire during direct examination, since this denied him the right to show that prosecutrix was not a competent witness. Appellant further contends the court was in error in instructing him to not go back into prosecutrix's qualifications after the court had questioned her and allowed her to testify.

 On cross-examination, the prosecutrix stated that she did not know what an oath was and did not know the consequences of telling a lie. On re-direct, prosecutrix stated that she knew what it means to tell the truth and to tell a lie, and that she had come to tell the truth. The court then examined the prosecutrix out of the presence of the jury and she told the court that she knew the difference between the truth and a story, that it was wrong to tell lies, and that she knew that when you swear to tell the truth, you are supposed to tell the truth.

"The competency of the witness to testify was for the court and his decision will not be disturbed unless an abuse of discretion is shown." Williams v. State, Tex. Cr.App., 439 S.W.2d 846.

We conclude that the witness was competent to testify and no abuse of discretion is shown. Art. 38.06, Sec. 2, Vernon's Ann.C.C.P.; see Fobbs v. State, Tex.Cr. App., 468 S.W.2d 392.

The judgment is affirmed.

Opinion approved by the Court.