# NO. 12-07-00184-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHIRLEY CRABTREE,*<br>*APPELLANT* | § | *APPEAL FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Shirley Crabtree appeals her conviction for criminally negligent homicide, for which she was sentenced to imprisonment for two years. In one issue, Appellant argues that the trial court erred in denying her motion for new trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with criminally negligent homicide. After being admonished by the court, Appellant pleaded "guilty" as charged.[1] The matter proceeded to a bench trial on punishment. Following the presentation of evidence, the State argued that Appellant should receive a probated sentence. Appellant argued that she should receive deferred adjudication probation. Ultimately, the trial court sentenced Appellant to imprisonment for two years.

Appellant subsequently filed a motion for new trial arguing that, as a result of ineffective assistance of trial counsel, her guilty plea was not knowing and voluntary and was not the product

---

[1] Appellant had no plea bargain agreement with the State. However, the record reflects an agreement between the parties that the State would argue for a sentence of probation and Appellant would argue for a sentence of deferred adjudication probation.

of her free will. Appellant further argued that her trial counsel was not prepared for trial. A hearing was conducted on Appellant's motion, at which Appellant testified as the sole witness in support thereof. At the conclusion of the hearing, the trial court took Appellant's motion under advisement. Subsequently, by written order, the trial court denied Appellant's motion for new trial finding that (1) Appellant's open plea of guilty was given freely, voluntarily, intelligently, and knowingly after the court covered its standard thorough admonishments with Appellant, (2) Appellant was fully aware that punishment was completely up to the court to decide based upon the evidence presented and there was never any guarantee of probation made to Appellant by anyone, and (3) with regard to Appellant's allegation that her attorney was unprepared for trial, Appellant failed to present testimony from her trial attorney to support such an allegation. This appeal followed.

### DENIAL OF MOTION FOR NEW TRIAL

In her sole issue, Appellant argues the trial court erred when it failed to grant her motion for new trial based on ineffective assistance of counsel because (1) her guilty plea was involuntary due to trial counsel's incorrect legal advice and (2) her trial counsel failed to adequately prepare for trial.

### Standard of Review

Ineffective assistance of counsel may be raised in a motion for new trial. *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). Because the decision on a motion for new trial rests within the sound discretion of the trial court, the standard of review on appeal is whether the trial court abused its discretion. *Weaver v. State*, 999 S.W.2d 913, 916 (Tex. App.–Waco 1999, no pet.). In the absence of an abuse of discretion, appellate courts are not justified in reversing the judgment. *Gonzalez*, 855 S.W.2d at 696; *Appleman v. State*, 531 S.W.2d 806, 810 (Tex. Crim. App. 1975); *Hill v. State*, 480 S.W.2d 670, 673 (Tex. Crim. App. 1972). In considering a motion for new trial, the trial court possesses broad discretion in assessing the credibility of witnesses and in weighing the evidence to determine whether a different result would occur upon retrial. *Messer v. State*, 757 S.W.2d 820, 827–28 (Tex. App.–Houston [1st Dist.] 1988, pet. ref'd).

In reviewing claims of ineffective assistance of counsel, we employ the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The

2

first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, the appellant is also required to show prejudice from the deficient performance of her attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See id.* Appellant has the burden of rebutting this presumption by presenting evidence illustrating why her trial counsel did what he did. *See id.* Appellant cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

**Voluntariness of Confession**

Appellant first contends the trial court abused its discretion in failing to grant a new trial based on her assertion that she received erroneous legal advice which rendered her guilty plea involuntary. When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending her counsel was ineffective, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999); *Nicholas v. State*, 56 S.W.3d 760, 769 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd).

Appellant first contends her trial counsel's advice was not within the range of competence demanded of an attorney in a criminal case. Specifically, Appellant argues that because her attorney advised her to plead guilty because the trial judge will "always go with whatever the prosecutor argues[,]" he convinced her that she would receive probation. However, Appellant was fully admonished by the trial court prior to entering her guilty plea. During the trial court's admonishments, the following exchange between Appellant and the court occurred:

> THE COURT: The particular paperwork that's been provided to me shows that you plan to enter an open plea of guilty, that there is no agreement as to what the punishment should be. Is that your understanding?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: I always try to cover that ahead of time because whenever it's an open plea of guilty, it's important to me to make sure the person's, if they're going to enter a plea of guilty, they understand that they're leaving it to the Court for the Court to determine based upon the evidence what the Court would deem to be an appropriate punishment. Do you understand that?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: And the range of punishment for a state jail felony offense such as criminally negligent homicide is no less than six months and up to two years in the state jail facility and up to a $10,000 fine. You understand that's the range?
>
> [APPELLANT]: Yes, sir.

....

THE COURT:    The paperwork, as I said, Ms. Crabtree, in your case you have no plea agreement with the State which means that when we come back for sentencing, the two sides will present evidence; and the Court will hear that evidence, as well as the presentence report and the Court will determine what the punishment will be. You understand that?

[APPELLANT]:   Yes, sir.

THE COURT:    That there's no agreement.

[APPELLANT]:   Yes, sir.

....

THE COURT:    ....

Ms. Crabtree, you do understand, as we've already discussed here today, there is no plea agreement, that the Court will determine the punishment. Do you understand that?

[APPELLANT]:   Yes, sir.

Appellant later testified at the hearing on her motion for new trial as follows:

Q.    What happened on the morning of March the 7th?

A.    Well, [my trial counsel] come in. I was sitting back there on the bench, and he come in to me. He said, "Shirley, this is what we got. The DA said that if you plead guilty, that he'll argue for probation and I will argue for deferred adjudication probation if you plead guilty." Because – and he also told me – he said, "Most of the time the Judge always will go with whatever the prosecutor argues."

....

Q.    Okay. So in your mind, was there an agreement reached to probation between the parties?

A.    To me, yes.

Q.    Okay. Did you believe, after those discussions that morning with Mr. Thompson, that a jail sentence was even in the realm of possibility?

A.    No, sir, I didn't, because – I mean, because both him and Joel Baker, every time I met with them, told me that jail wasn't even a factor, I mean, that I wasn't going to get jail.

....

5

Q. Why were you led to believe you were gonna get probation?

A. Because he told me that most of the time, the Judge always goes with whatever the DA argues for which was probation.

Appellant was further questioned concerning her understanding of the range of punishment she faced during the State's cross examination, during which the following exchange occurred:

Q. That's what you are testifying today, that they said that, "most of the time that the Judge follows the prosecutor's recommendation;" isn't that true?

A. Yes.

Q. Most of the time?

A. Most of the time.

Q. They didn't tell you all of the time, did they?

A. They said, "Most always."

Q. Okay. But not always?

A. Yeah. They said "always."

Q. Well, that's not what's in your motion.

A. They said, "Most of the time, he always goes with the prosecutors."

Q. Say that again?

A. Rex Thompson said, "Most of the time, he always goes with whatever the prosecutioner [sic] argues."

Q. Okay. He didn't say that the Judge always goes with what the prosecutor recommended, did he?

A. He said, "Most always."

Q. Ma'am, did you understand the question?

A. Yes, I did.

Q. Okay. Did he tell you that the Judge always goes with what the prosecutor says?

A. No, not always, no.

Q. And you understood that, did you not?

6

A. Yes, but –

....

Q. And you knew that before the Judge set the sentence, that the Judge could set it anywhere within the range of punishment. You knew that.

A. Uh-huh.

Q. Is that "yes"?

A. Yes. But me and my –

Q. Ma'am, is that "yes"?

A. Yes.

Appellant's argument that her attorney convinced her that she would receive probation is contradicted by her own testimony that her attorney told her that "most of the time," the judge follows the prosecutor's recommendation. While Appellant may have believed that this statement foreclosed the possibility that she would be sentenced to imprisonment, by the plain meaning of the language used, Appellant's attorney made no guarantees. Thus, we conclude that Appellant's counsel's advice was within the range of competence demanded of attorneys in criminal cases and, therefore, Appellant did not receive ineffective assistance of counsel that resulted in her pleading guilty involuntarily.

**Attorney's Preparedness for Trial**

Appellant next argues that the trial court should have granted her motion for new trial because she received ineffective assistance of counsel since her attorney did not properly prepare for trial. Specifically, Appellant argues that her attorney spent a very short time meeting with her and discussing the case with her, failed to contact witnesses that she provided or do anything with medical records she provided, failed to perform any known investigation, failed to prepare her for trial, failed to discuss jail time, and failed to hire experts that she paid to retain. We iterate that we begin with the strong presumption that counsel was effective, that counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy, and that Appellant has the burden of rebutting this presumption by presenting evidence illustrating why her trial counsel did what he did. *See Jackson*, 877 S.W.2d at 771. The record in the case at hand is silent as to the

7

reasons underlying Appellant's counsel's alleged ineffective acts and omissions of which Appellant complains. As a result, Appellant cannot overcome the strong presumption that her counsel performed effectively. Therefore, we hold that Appellant has not met the first prong of **Strickland** because the record does not contain evidence concerning Appellant's trial counsel's reasons for choosing the course he did. Thus, we cannot conclude that Appellant's trial counsel was ineffective. As such, we hold that the trial court's findings are supported by the evidence and that the trial court did not abuse its discretion in denying Appellant's motion for new trial. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.


   JAMES T. WORTHEN
Chief Justice


Opinion delivered July 2, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)